IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

| | |
|---|---|
| In re | Bk. No. 14-32761 |
| George E. French, III,<br>         Debtor. | Chapter 13 |

**MOTION FOR ADEQUATE PROTECTION AND
RELIEF FROM AUTOMATIC STAY**

U.S. Bank National Association, as Successor Trustee to Bank of America, National Association, as Successor by Merger to LaSalle Bank, N.A. as Trustee for the MLMI Trust Series 2006-AHL1, its assignees and/or successors in interest ("Secured Creditor" herein) alleges as follows:

1. That on or about October 10, 2014, the above named Debtor filed his Chapter 13 Petition in Bankruptcy with this Court.

2. Secured Creditor is the current payee of mortgage note dated March 8, 2006 in the principal amount of $149,750.00 ("Note" herein) secured by a first mortgage of same date ("Mortgage" herein) upon property generally described as **148 Leigh Lane, Wetumpka, AL 36093** and legally described as set forth in the Mortgage. (Copies are attached hereto as **Exhibit "A"** and made a part hereof, "Property" herein). Secured Creditor was assigned the beneficial interest in said Mortgage by an Assignment of Mortgage dated April 14, 2009.

3. Nationstar Mortgage LLC, servicer for U.S. Bank National Association, as Successor Trustee to Bank of America, National Association, as Successor by Merger to LaSalle Bank, N.A. as Trustee for the MLMI Trust Series 2006-AHL1, has the right to foreclose by virtue of being the holder and/or owner of the note.

4. Secured Creditor is informed and believes, and, based upon such information and

1

belief, alleges that title to the subject Property is currently vested in the name of Debtor.

5. Secured Creditor will seek leave of Court to specify any further encumbrances against the subject Property at the time of trial/hearing.

6. As of February 5, 2015, the outstanding Obligations are:

| Unpaid Principal Balance | $177,552.13 |
| Unpaid, Accrued Interest | $ 19,049.36 |
| Escrow Advance | $ 9,483.73 |
| Corporate Advance | $ 2,604.36 |
| <u>Less</u>: Partial Payments | ($ 1,230.68) |
| Minimum Outstanding Obligations | $207,458.90 |

7. In addition to the other amounts due to Secured Creditor reflected herein, as of the date hereof, in connection with seeking the relief requested in the Motion, Secured Creditor has also incurred $1,026.00 in legal fees and costs. Secured Creditor reserves all rights to seek an award or allowance of such fees and costs in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

8. The following chart sets forth the number and amount of postpetition payments due pursuant to the terms of the Note that have been missed by the Debtor:

| **Number of Missed Payments** | **From** | **To** | **Monthly Payment Amount** | **Total Missed Payments** |
|---|---|---|---|---|
| 4 | 11/01/2014 | 02/01/2015 | $1,353.32 | $5,413.28 |
| Less partial payments: | | | | ($1,230.68) |

**Total: $4,182.60**

9. Attached hereto as **Exhibit "B"** is a copy of the Post-Petition Payment History.

10. Secured Creditor has elected to initiate foreclosure proceedings on the Property with respect to the subject Mortgage; however, Secured Creditor is precluded from proceeding to publish the necessary notices and commence said foreclosure action during the pendency of this

2

Bankruptcy.

11. This Secured Creditor is informed and believes, and based upon such information and belief, alleges that absent this Court's Order allowing this Secured Creditor to proceed with the pending foreclosure, Secured Creditor's security will be significantly jeopardized and/or destroyed.

12. Based upon the foregoing, Secured Creditor alleges that Secured Creditor is not adequately protected, that the subject Property is not necessary to effectuate Debtor's rehabilitation, and that it would be unfair and inequitable to delay this Secured Creditor in the foreclosure of Secured Creditor's interest. Secured Creditor urges that this Court issue an Order herein permitting this Secured Creditor to proceed to a Foreclosure Sale of the Property, including necessary action to obtain possession of the Property.

13. The commercially reasonable value of the Property is approximately $212,900.00, as evidenced by the Debtor's Schedules A and D, attached hereto as **Exhibit "C"** and made a part hereof.

14. Curtis C. Reding has been appointed by this Court as the Chapter 13 Trustee in this instant Bankruptcy proceeding. By virtue of his position as Trustee of the estate of Debtor herein, he administers Debtor's Chapter 13 Plan of Reorganization. To the extent the relief sought herein is granted, Curtis C. Reding, Trustee, is bound by any such judgment.

15. This Court has jurisdiction of this action pursuant to the provisions of Title 28 U.S.C. Sections 1334 and 157 and 11 U.S.C. Section 362(d).

WHEREFORE, Secured Creditor prays judgment as follows:

1.) For an Order granting relief from the Automatic Stay, permitting this Secured Creditor to move ahead with foreclosure proceedings under Secured Creditor's Mortgage and to sell the subject Property under the terms of said Mortgage, including necessary action to obtain possession of the Property.

2.) In the alternative, for an Order requiring:

3

a) the Debtor to reinstate and maintain in a current condition all obligations due under all of the mortgages encumbering the subject Property, including Secured Creditor's Mortgage, and including tax/insurance obligations, and reimbursement to Secured Creditor of any sums advanced on behalf of Debtor in order to protect Secured Creditor's interest in the subject Property; and

b) allowing this Secured Creditor to proceed with a Foreclosure Sale of the Property and obtain possession thereof, upon the failure of Debtor to maintain the above-referenced payments in a current status.

3.) For such Order regarding adequate protection of Secured Creditor's interest as this Court deems proper.

4.) For attorneys' fees and costs of suit incurred herein.

5.) For an Order waiving the 14-day stay described by Bankruptcy Rule 4001(a)(3).

6.) For an Order that, in addition to foreclosure, permits activity necessary to obtain possession of said collateral; therefore, Secured Creditor is permitted to engage in loss mitigation activity, including short payoff, short sale and the obtaining of a deed-in-lieu of foreclosure including authorization to negotiate inferior liens. Secured Creditor is further permitted to send information regarding these loss mitigation options directly to the debtor.

4

7.) For such other relief as this Court deems appropriate.

Dated: 03/02/2015       By: /s/ Michael E. Bybee
                           MICHAEL E. BYBEE, ESQUIRE
                        Retained Counsel
                        2107 5th Avenue North, Suite 200
                        Birmingham, Alabama 35203-3387
                        (205) 252-1622

                        PROBER & RAPHAEL, A LAW CORPORATION
                        Attorneys for Secured Creditor
                        P. O. Box 4365
                        Woodland Hills, California 91365-4365
                        (818) 227-0100
                        N.300-777

5

# SPECIAL NOTICE

**THE FOLLOWING NOTICE IS GIVEN TO YOU IN THE EVENT THAT THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT APPLIES TO THIS COMMUNICATION.**

The following statement provides you with notice of certain rights, which you may have by law. <u>Nothing in this statement modifies or changes the hearing date or response time specified in the attached documents</u> or your need to take legal action to protect your rights in this matter. No provision of the following statement modifies or removes your need to comply with local rules concerning the attached documents.

## CONSUMER DISCLOSURE

This communication is made in an attempt to collect on a debt or judgment and any information obtained will be used for that purpose. Please be advised that if you notify Prober and Raphael, ALC within 30 days that all or a part of your obligation or judgment is disputed, then Prober and Raphael, ALC will mail you a written verification of the obligations or judgment and the amounts owed to U.S. Bank National Association, as Successor Trustee to Bank of America, National Association, as Successor by Merger to LaSalle Bank, N.A. as Trustee for the MLMI Trust Series 2006-AHL1. In addition and upon your request within 30 days, you will be provided with the name and address of the original creditor, if different from the current creditor.

## CERTIFICATE OF SERVICE

I hereby certify that on 2 March, 2015, I electronically filed the Motion for Relief from Automatic Stay with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Richard D. Shinbaum, Attorney for Debtor, George E. French, III
Curtis C. Reding, Chapter 13 Trustee
U.S. Trustee

and I certify that I have mailed by United States Postal Service the Motion for Relief from Automatic Stay to the following non-ECF participants:

George E. French, III
148 Leigh Lane
Wetumpka, AL 36093
Debtor
SSN xxx-xx-9099

                                         /s/ Michael E. Bybee
                                         MICHAEL E. BYBEE
                                         RETAINED COUNSEL FOR SECURED CREDITOR

7

Case 14-32761    Doc 22    Filed 03/02/15    Entered 03/02/15 16:23:33    Desc Main
Document    Page 7 of 7